IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AT&T CORP., a New York corporation,                                    CV. 03-1590-AS

                Plaintiff,                                    OPINION AND ORDER

    v.

CARE MEDICAL EQUIPMENT, an
Oregon corporation,

                Defendant.
_____

CARE MEDICAL EQUIPMENT, INC.
an Oregon corporation,

                Third-Party Plaintiff

    v.

ANSWERNET, INC., a Delaware
corporation,

                Third-Party Defendant.
_____

ASHMANSKAS, Magistrate Judge:

       Care Medical Equipment ("Care") contracted with AT&T Corp. ("AT&T"), for telephone services. In March 2002, Care's telephone server was hacked into by third parties, who placed over

Page -1- OPINION AND ORDER                                                                                          *{SIB}*

$75,000 in overseas phone calls on Care's line over a two-day period. Care refused to pay for these calls and AT&T filed this action against Care for recovery of the $75,000.

On December 22, 2003, Care filed a third-party complaint against AnswerNet, Inc. ("AnswerNet"), Care's answering service company, asserting that AnswerNet was negligent in not notifying Care about calls from AT&T advising AnswerNet of possible fraud on Care's account. AnswerNet filed its answer to the third-party complaint on January 27, 2004, asserting failure to state a claim as its only defense. AnswerNet then moved for summary judgment arguing that Care's negligence claim failed because it was unable to establish the requisite special relationship between the parties. On March 15, 2005, the court denied AnswerNet's motion relying, at least in part, on the absence of a written contract between the parties.

> There is no written contract between Care and AnswerNet. Accordingly, there is no written evidence of the terms of the contract or AnswerNet's contractual responsibilities. Gary Pudles, President and Chief Executive Officer of AnswerNet, represented in his affidavit that "Care Medical did not give AnswerNet authority to exercise independent judgment on behalf of Care Medical." If this [is] true, then the independent judgment admittedly exercised by LaMain would qualify as a special standard of care outside of the terms of the contract and would support the existence of a special relationship between the parties. In light of the absence of a written contract and a lack of evidence of the specific terms of the oral contract, the court is of the opinion that sufficient evidence exists to support a finding that a special relationship existed between Care and AnswerNet.

Opinion at 7-8.

Shortly thereafter, AnswerNet forwarded to Donald Adler, President of Care, a Service Agreement (the "Agreement"). AnswerNet informed Adler that the Agreement was "intended to set out modifications to the charges for the services Care Medical was receiving." Adler signed the Agreement on April 15, 2005, with changes made to the terms of payment.

AnswerNet now moves the court to dismiss the amended third-party complaint filed on

January 6, 2006, based on a forum selection clause in the Agreement which provides:

> This contract shall be governed by New Jersey law and all actions with respect to this contract shall be brought only in a court in New Jersey, or in the Federal District Court having jurisdiction. In any such action, suit or proceeding, such court shall have personal jurisdiction of the parties.

Agreement at ¶7.  AnswerNet asserts that the Agreement, which contained a "Sold Date" and a "Start Date" of January 12, 1999 (Agreement at Page 1), "clearly sets forth the effective date as January 12, 1999" and applies retroactively to the claims in this action. Memo in Support at 5.  Care contends that this argument is "in bad faith and is a complete sham."  Memo in Opposition at 2. Alder has testified that: 1) he saw no terms in the Agreement which would cause it to have retroactive effect; 2) he never discussed the effective date of the Agreement with AnswerNet; and 3) had he known that AnswerNet would argue that the Agreement had retroactive effect and would apply to the claim in this action, he would not have signed it.

### Legal Standard

A motion to dismiss for improper venue, based on a forum selection clause, is properly brought as a Rule 12(b)(3) motion.  When venue is improper due to a forum selection clause, dismissal of the action is appropriate.  <u>Argueta v. Banco Mexicano, S.A.</u>, 87 F.3d 320, 324, 327 (9th Cir. 1996).

Federal law governs the enforceability of forum selection clauses in diversity cases. <u>Manetti-Farrow, Inc. v. Gucci America, Inc</u>., 858 F.2d 509, 513 (9th Cir. 1988).  Under federal law, the enforceability of forum selection clauses is controlled by the Supreme Court's decision in <u>The Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1 (1972). See <u>Argueta</u>, 87 F.3d at 324-25(noting that the standard set forth in <u>The Bremen</u> "has been widely applied to forum selection clauses in general" and not limited to the admiralty context).

In The Bremen, the Court held that forum selection clauses are *prima facie* valid and should not be set aside unless the party challenging enforcement of such a provision can show it is "'unreasonable' under the circumstances." The Bremen, 407 U.S. at 10. A forum selection clause is unreasonable if:

> (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of its day in court; or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought.

Argueta, 87 F.3d at 325 (internal quotation marks and citations omitted).

## Discussion

In Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 590, 592 (1991), the Supreme Court emphasized that the absence of negotiation regarding a forum selection clause does not necessarily make such a clause unenforceable. The relevant inquiry in such circumstances is whether the forum selection clause can pass judicial scrutiny for fundamental fairness. Id. at 593. In Carnival, the Court found that a forum selection clause included in a cruise line passage contract was fundamentally fair despite being nonnegotiable because (1) there was no indication that the defendant set the forum as a means of discouraging cruise passengers from pursuing legitimate claims; (2) there was no indication that the defendant obtained the plaintiffs' accession to the forum selection clause by fraud or overreaching; and (3) the plaintiffs had notice of the clause and, therefore, "presumably retained the option of rejecting the contract with impunity." Id. at 595.

The factors set forth in Carnival support Care's argument that enforcement of the forum selection clause set forth in the Agreement is unreasonable. Based on the circumstances surrounding the signing of the Agreement, it appears very likely that AnswerNet is trying to enforce the forum

selection clause as this stage of the litigation as a means of discouraging Care from continuing to pursue its claim. Additionally, the court is of the opinion that AnswerNet obtained Adler's signature on the Agreement by means of bad faith. AnswerNet presented the Agreement to Care to set out modifications to the charges for services Care was already receiving under an oral agreement. There was no discussion of any other changes to the existing oral agreement and it does not appear that AnswerNet is arguing that any other term of the Agreement applies retroactively. While the forum selection clause was included in the Agreement, there was no indication in the Agreement that the forum selection would be retroactive and AnswerNet did not advise Adler that it intended to rely on that provision of the Agreement in this action. Additionally, because the Agreement was offered to change a term of the previous oral agreement, Adler reasonably assumed that, upon signing the Agreement, all of the provisions would apply prospectively, not retroactively.

The court finds that application of the forum selection clause to this action is unreasonable based on the stage of the litigation as well as the circumstances surrounding the execution of the Agreement. This conclusion is supported by the fact that both parties conceded the absence of a written agreement between the parties at the summary judgment stage and the court relied on this fact in denying AnswerNet's summary judgment motion.

Even if the court found the forum selection should be applied retroactively, it is not convinced that it would require dismissal of this action. The clause provides that "all actions with respect to this contract shall be brought only in a court in New Jersey, or in the Federal District Court having jurisdiction." Care asserted its negligence claim based, in part, on the absence of a written agreement between the parties. AnswerNet moved to dismiss Care's claim asserting that Care had failed to establish the special relationship necessary to support a negligence claim. The

court denied the motion. The only claim remaining before the court is this negligence claim. Clearly, this action has nothing to do with the Agreement, was not brought "with respect to this contract," and is not subject to the express terms of the forum selection clause. Care asserted the claim well before the Agreement was executed and Adler's execution of the Agreement does not transform Care's negligence claim into a contractual claim.

Also, the forum selection clause provides that the action shall be brought "in a court in New Jersey, or in the Federal District Court having jurisdiction." If, as AnswerNet argues, this action must be brought in New Jersey, the inclusion of the phrase "or in the Federal District Court having jurisdiction" would have no import. The clause clearly acknowledges that courts other than those in New Jersey could have jurisdiction and that an action brought with respect to the Agreement could be brought in any federal district court with such jurisdiction. AnswerNet does not argue that this court lacks jurisdiction. Accordingly, this court is a "Federal District Court having jurisdiction" and is an appropriate venue under the Agreement.

## Conclusion

AnswerNet's motion to dismiss is DENIED.

DATED this 15th day of May, 2006.

                                             /s/ Donald C. Ashmanskas  
                                             DONALD C. ASHMANSKAS  
                                             United States Magistrate Judge